IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


JIMMIE MANGUM                                                           PLAINTIFF

        v.                        Civil No. 14-6080

PLD TRUCKING COMPANY;
and PLD TRANSPORT, INC.                                                 DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil action filed by the Plaintiff.  He is proceeding *in forma pauperis.*  The case is before me for preservice screening pursuant to 28 U.S.C. § 1915(e)(2).  The Court has the obligation to screen any complaint in which an individual is proceeding IFP or has sought leave to proceed IFP. 28 U.S.C. § 1915(e)(2).

### 1.  Background

According to the allegations of the Complaint (Doc. 1) and Addendum (Doc. 13), Plaintiff, a citizen of Mississippi, was employed as a truck driver by the Defendants.  Defendants principal place of business is in Arkansas.

On or about April 20, 2013, Plaintiff was injured when moving a pallet on a dock at a warehouse in St. Louis, Missouri.  He went to the hospital in Jackson, Mississippi, that evening and was diagnosed with an abdominal hernia.  He had surgery the following week.  He was out of work for approximately three months.

Plaintiff filed a worker's compensation claim with the Arkansas Workers' Compensation Commission and has settled that claim.  He now seeks damages for his pain, loss of wages, and for

the suffering of his family.  He asks for damages in the amount of $50,000.

## 2.  Discussion

Federal courts are courts of limited jurisdiction.  *See e.g., Godfrey v. Pulitzer Publishing Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998).  Generally, the federal district courts may only exercise jurisdiction over cases in which diversity of citizenship exists and the requisite amount in controversy is involved and those cases in which a federal question is presented; that is, those cases involving violations of federal constitutional or statutory law.  *See e.g., Southwestern Bell Telephone Co. v. Connect Communications Corp.*, 225 F.3d 942, 945 (8th Cir. 2000).  "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'"  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83 (1998)(quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)) (alteration in original)).  If it appears that jurisdiction is lacking, the Court will raise the issue *sua sponte*.  *Dieser v. Cont'l Cas. Co.,* 440 F.3d 920, 923 (8th Cir. 2006).

For diversity of citizenship to exist, there must be complete diversity of citizenship and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a)(1); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  It appears that the citizenship of the named parties is diverse, as Plaintiff is a citizen of Mississippi and Defendants are citizens of Arkansas.

However, the amount in controversy does not exist.  In his addendum, Plaintiff has alleged specifically that his damages are in the amount of $50,000.   "[I]f a Plaintiff's complaint asks 'for less than the jurisdictional amount, only the sum demanded is in controversy.'" *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 017, 1018 (8th Cir. 2010)(*quoting*, 14A Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3702 (3d ed. Supp. 2009)).

Although Plaintiff checked the area on the complaint indicating he was requesting punitive

damages, he has not alleged the type of conduct required for the imposition of punitive damages under Arkansas law.  Punitive damages are only allowable when a Defendant has: intentionally pursued a course of conduct for the purpose of causing damage; acted with willfulness, wantonness, or conscious indifference to the consequences from which malice may be inferred; or demonstrated a reckless disregard for the rights and safety of others.  *See e.g., James v. Bill C. Harris Const. Co.,* 297 Ark. 435, 763 S.W.2d 640 (1989); *Walt Bennett Ford, Inc. v. Keck*, 298 Ark. 424, 768 S.W.2d 28 (1989); *Wallace v. Dustin*, 284 Ark. 318, 681 S.W.2d 375 (1984).  No such allegations are made. No other basis for federal court jurisdiction exists.

### 3.  Conclusion

For the reasons stated, I recommend that the Motion for Service (Doc. 2) be **DENIED** and this case be dismissed as the Court lacks subject matter jurisdiction over it.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of February, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-3-